UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ENZO'S PIZZERIA & ITALIAN
RESTAURANT, INC.,

    Plaintiff,

v.                                          Case No: 2:18-cv-594-FtM-99CM

ASPEN SPECIALTY INSURANCE
COMPANY,

    Defendant.
_____/

**<u>ORDER</u>**[1]

Before the Court is Defendant Aspen Specialty Insurance Company's Notice of Removal. (Doc. 1). On July 24, 2018, Plaintiff Enzo's Pizzeria & Italian Restaurant, Inc. sued Aspen in Florida state court for breach of a commercial insurance policy. (Doc. 2). Aspen now removes the case to this Court, citing diversity jurisdiction as the basis for subject matter jurisdiction.

A defendant may remove a civil case from state to federal court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). To have original jurisdiction, there must be a complete diversity of citizenship between the parties and the amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). The party

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

seeking removal bears the burden of proving jurisdiction at the time of removal. *See* Lowery v. Ala. Power Co., 483 F.3d 1184, 1207 (11th Cir. 2007).

Because federal courts have limited jurisdiction, they are "obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). The court must construe the removal statutes strictly and resolve all doubts about jurisdiction in favor of remand to the state court. *Id.* "Where there is any doubt concerning jurisdiction of the federal court on removal, the case should be remanded." Estate of Ayres ex rel. Strugnell v. Beaver, 48 F. Supp. 2d 1335, 1339 (M.D. Fla. 1999) (internal quotations omitted).

Here, Aspen falls short on satisfying the amount in controversy prong. Enzo's alleges its property was damage after a pipe burst. (Doc. 2 at ¶ 7). It sent Aspen, its insured, an insurance claim. Aspen told Enzo's to make the needed repairs and send the expenses. (Doc. 2 at ¶ 12). Enzo's did so, but Aspen denied coverage. (Doc. 2 at ¶ 12.) Enzo's thus sued Aspen for damages "in excess of $15,000.00." (Doc. 2 at ¶ 1). According to Aspen, Enzo's demands $57,457 plus attorney's fees.[2] (Doc. 1 at ¶ 3; Doc. 2 at ¶ 15). Aspen thus claims that the amount in controversy exceeds $75,000. *See* Wright v. Continental Casualty Co., 456 F. Supp. 1075, 1077 (M.D. Fla. 1978) (stating a court may look to a notice of removal when the plaintiff has not alleged a specific amount of damages in the complaint). The Court disagrees.

Enzo's may recover attorney's fees and costs under Florida Statute § 627.428(1) if it prevails in this case. To satisfy the amount of controversy, Aspen seems to suggest

---

[2] The Notice of Removal says it attached Enzo's demand letter and proof of loss as Exhibit B. No such exhibit was filed.

that Enzo's attorney's fees will exceed $17,543.  But there is nothing to support Aspen's suggestion.  Even if the Court blindly accepted Aspen's position, its "estimate is of little or no value because it pertains to the entire case, not the amount of fees [Enzo's] could potentially recover as calculated on the date the case was removed to this Court." *Bittof v. Lexington Ins. Co.*, No. 6:18-cv-632, 2018 WL 2976734, at *3 (M.D. Fla. May 24, 2018), *report and recommendation adopted*, 2018 WL 2970923 (M.D. Fla. June 13, 2018). Aspen gives no explanation or information as to why Enzo's potential recovery for attorney's fees fills the gap to satisfy the amount in controversy.

Because of the insufficient allegations on the amount in controversy, Aspen has not adequately pled diversity of citizenship.  The Court thus finds that it lacks subject matter jurisdiction.

Accordingly, it is now

**ORDERED:**

Defendant Aspen Specialty Insurance Company must **SUPPLEMENT** the Notice of Removal on or before **September 24, 2018**, to show cause why this case should not be remanded for lack of subject matter jurisdiction.  **Failure to do so will result in this case being remanded without further notice**.

**DONE** and **ORDERED** in Fort Myers, Florida this 10th day of September 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record